IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ADAM FRIED, ADMINISTRATOR, ESTATE OF DESMOND FRANKLIN,** | ) ) ) | CASE NO.: 1:22-CV-00061 |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| **JOSE GARCIA**, | ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

## FIRST AMENDED ANSWER OF DEFENDANT JOSE GARCIA

Now comes Defendant Jose Garcia ("Defendant"), pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, and presents the following as his First Amended Answer to the Complaint ("Complaint") of Plaintiff Adam Fried, Administrator of the Estate of Desmond Franklin ("Plaintiff"):

1. Defendant admits that he is a police officer for the City of Cleveland, and that Desmond Franklin died on April 9, 2020, but is without knowledge or information sufficient to form a belief of, and otherwise denies, the remaining allegations of Paragraphs 1-2 of the Complaint.

2. Defendant admits that Plaintiff was appointed as fiduciary to administer Desmond Franklin's estate, but denies the remaining allegations of Paragraph 3 of the Complaint.

3. Defendant admits that Plaintiff was appointed as fiduciary to administer Desmond Franklin's estate in Cuyahoga County Probate Case No. 2021EST260520, but is without knowledge or

1

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint.

4. In response to paragraph 5, Defendant states that he has no obligation to answer allegations that call for a legal conclusion and otherwise denies the remaining allegations contained therein.

5. Defendant admits that Plaintiff brings this action pursuant to Ohio and Federal law, that the relevant events occurred in the State of Ohio, that Defendant resides in the State of Ohio, and Plaintiff invoked the jurisdiction of this Court pursuant to the Civil Rights Act, 42 U.S.C. § 1983 *et seq.*; the Judicial Code §§ 1331 and 1343(a); and the Constitution of the United States, but denies the remaining allegations of Paragraph 6 of the Complaint.

6. Defendant submits that venue is proper in the United States District Court, Northern District of Ohio, Eastern Division, as apparently alleged in Paragraph 7 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 8-9 of the Complaint.

8. Defendant admits that on April 9, 2020, Desmond Franklin operated a motor vehicle with a juvenile as a passenger in Cleveland, Ohio, and that Defendant is a Cleveland Police Officer, who was initially enroute to the police station to begin his shift, but denies the remaining allegations of Paragraphs 10-11 of the Complaint.

9. Defendant denies the allegations of Paragraph 12 of the Complaint.

10. Defendant denies the allegations of Paragraph 13 of the Complaint.

11. Defendant denies the allegations of Paragraph 14 of the Complaint.

12. Defendant states that Desmond Franklin pointed a gun at Defendant, and Defendant acted in self-defense, and specifically denies the allegations to the contrary, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 15-16 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

14. Defendant denies the allegations of Paragraphs 18-21 of the Complaint.

15. Defendant admits that Desmond Franklin's vehicle crashed into a fence at Riverside Cemetery, and Desmond Franklin died, but denies the remaining allegations of Paragraphs 22-24 of the Complaint.

16. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by Paragraph 25 of the Complaint.

17. Defendant denies the allegations of Paragraphs 26-28 of the Complaint.

18. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by Paragraph 29 of the Complaint.

19. Defendant admits that Plaintiff was appointed as fiduciary to administer Desmond Franklin's estate in Cuyahoga County Probate Case No. 2021EST260520, but denies the remaining allegations of Paragraph 30 of the Complaint.

20. Defendant denies the allegations of Paragraphs 31-32 of the Complaint.

21. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by Paragraph 33 of the Complaint.

22. Defendant admits that he has a duty to exercise due care and act in a lawful manner to the public, but denies the remaining allegations of Paragraphs 34-38 of the Complaint.

23. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by Paragraph 39 of the Complaint.

24. Defendant denies the allegations of Paragraphs 40-42 of the Complaint.

25. Defendant denies each and every allegation of the Complaint not specifically admitted herein, including any incorporated by Paragraph 43 of the Complaint.

26. Defendant denies the allegations of Paragraphs 44-45 of the Complaint.

27. Defendant denies that Plaintiff is entitled to any relief as alleged in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

28. Plaintiff failed to state a claim upon which relief may be granted.

29. Plaintiff failed to state a claim upon which relief may be granted, including but not limited to the fact that he lacks standing to pursue some or all of the remedies sought in the Complaint.

30. Plaintiff's claims are barred by the doctrine of assumption of the risk of any loss suffered.

31. Plaintiff's claims are barred because Desmond Franklin was an intentional tortfeasor.

32. Plaintiff's claims are barred in whole or in part by the provisions of R.C. 2307.60(B).

34. Plaintiff's claims are barred by common law and statutory law of self-defense and Defendant had no duty to retreat pursuant to R.C. 2307.601 as he was the lawful occupant of his vehicle.

35. Plaintiff's claims for any damages or injuries that Desmond Franklin may have suffered were directly and proximately caused or contributed to by the intervening and/or superseding and/or negligent acts of persons other than the Defendant.

36. Plaintiff has failed to join necessary and indispensable parties to this litigation.

37. A specific percentage to be determined at trial or hearing by the trier of fact of the tortious conduct alleged that proximately caused the injury or loss to person or property is attributable to one or more persons from whom Plaintiff did not seek recovery in this action. Defendant may seek apportionment of fault to other parties, including those not named in Plaintiff's complaint, pursuant to *R.C. 2307.22*, *R.C. 2307.23*, and under common law.

38. Plaintiff waived his claims, otherwise acquiesced, and is estopped from asserting his claims.

39. Plaintiff's claims are barred by his own acts or omissions, or those of Desmond Franklin, and by the doctrine of laches.

4

40. Any damages or injuries that Desmond Franklin may have suffered were directly and proximately caused solely by his own negligence, which constitute negligence per se, or his own contributory and/or comparative negligence. Desmond Franklin's respective negligence per se, comparative and/or contributory negligence bars or limits the recovery of damage and other requested relief.

41. Plaintiff's claims are barred because Desmond Franklin may have violated the last clear chance doctrine.

42. Plaintiff's claims are barred in part, or in whole, by the applicable statute of limitations, including but not limited to the limitations in *R.C. 2305.111*.

43. Plaintiff's claims are barred under statutory immunity under the Ohio Revised Code, including but not limited to *R.C. 2744.01, et seq.,* absolute and qualified immunity, and applicable privileges under federal or common law, and Plaintiff's claims for monetary recovery must be dismissed.

44. Plaintiff's claims for punitive damages are barred by *R.C. 2744.05*, and other provisions of Ohio law.

45. Any damages or injuries that Plaintiff may allege to be entitled, are subject to caps, limitations, and setoffs as more fully set forth in *R.C. 2744.05*.

46. Any noneconomic loss Plaintiff may allege to be entitled is subject to statutory caps pursuant to *R.C. 2315.18*.

47. Defendant at all times acted reasonably, in good faith, and with probable cause, and Defendant's performance of his duties did not violate any duty owed to Desmond Franklin.

WHEREFORE, Defendant asks that the Complaint be dismissed with prejudice at Plaintiff's costs, and that he have such other and further relief concerning the Complaint to which he may be entitled.

                                Respectfully submitted,

                                MARK D. GRIFFIN (0064141)
                                Director of Law

By:   */s/ Elena N. Boop*
       Elena N. Boop (0072907)
       Chief Assistant Director of Law
       James R. Russell, Jr. (0075499)
       Assistant Director of Law
       City of Cleveland, Department of Law
       601 Lakeside Avenue, Room 106
       Cleveland, Ohio 44114-1077
       Tel: (216) 664-2800
       Fax: (216) 664-2663
       Email: EBoop@clevelandohio.gov
       JRussell2@clevelandohio.gov

       */s/Mitchell M. Tallan*
       Mitchell M. Tallan (0023432)
       Gallagher, Gams, Pryor, Tallan & Littrell
       471 East Broad St. 19th Fl.
       Columbus, OH 43215-3872
       Tel: (614) 228-5151
       Fax: (614) 228-0032
       mtallan@ggtbl.com

       */s/David P. Stadler*
       David P. Stadler (0073471)
       Ankuda, Stadler & Moeller
       1621 Euclid Ave. Ste 300
       Cleveland, OH 44115
       Tel: (216) 772-3112
       Dstadler@law-asm.com

       ***Counsel for Defendant Jose Garcia***

**JURY DEMAND**

Defendant hereby demands that this matter be heard by a jury of persons in accordance with Rule 38 of the Federal Rules of Civil Procedure on the issues stated herein.

/s/ Elena N. Boop
Elena N. Boop (0072907)
Chief Assistant Director of Law
James R. Russell, Jr. (0075499)
Assistant Director of Law

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on the 22nd day of March, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elena N. Boop
*One of the Attorneys for Jose Garcia*