IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Adam Fried, Administrator of the Estate of Desmond Franklin,** | ) ) ) | **Case No. 1:22-CV-00061** |
| **Plaintiff,** | ) ) | **Judge Dan Aaron Polster** |
| vs. | ) ) ) ) | **DEFENDANT JOSE GARCIA'S BRIEF CONFIRMING HE ACTED UNDER "COLOR OF LAW"** |
| **Jose Garcia,** | ) ) | |
| **Defendant.** | ) | |

## I. INTRODUCTION

This case arises from an incident where off-duty police officer, Jose Garcia, shot Desmond Franklin.

On January 31, 2024, Defendant Jose Garcia filed a motion for summary judgment arguing alternative positions that (1) Officer Garcia was acting under color of law at the time of the shooting in this case and, therefore, was entitled to immunity as a matter of law, and/or (2) even if Officer Garcia was not acting under color of law, he was entitled to summary judgment for a number of reasons including that he acted in self-defense. [Doc# 44], PageID# 256, 264, 268.

On March 1, 2024, Plaintiff filed an opposition to Garcia's summary judgment in which Plaintiff argues that Garcia was acting under color of law when he shot Franklin. [Doc# 47], PageID# 1009.

On March 15, 2024, this Court ordered Defendant Garcia to file a brief "either accepting Plaintiff's position that Defendant Garcia was acting under color of law when he shot Desmond

Franklin,…" or, alternatively, explaining why Garcia was acting as a private citizen. [Doc# 49], PagID# 1212-1213.  In short, the Court's order forces Defendant Garcia to specify ***his*** position on whether he was acting under color of law.

In compliance with the Court's order, and for the reasons set forth below, Defendant Garcia states he was acting under color of law when he shot Desmond Franklin.

**II.     DEFENDANT GARCIA WAS ACTING UNDER COLOR OF LAW WHEN HE SHOT DESMOND FRANKLIN**

Federal law has long held that police officers undertaking their official duties are within the purview of the civil rights statute. *Stengel v. Belcher*, 522 F.2d 438, headnotes 2-4., (6th Cir. 1975). The fact that a police officer is off or on duty, or in or out of uniform, is not controlling to determine whether an officer was acting under color of law. *Id.* Rather, it is the nature of the act performed which determines whether the officer acted under color of law for civil rights purposes. *Id.*; See also *Kalvitz v. City of Cleveland*, 763 F. App'x 490, 496 (6th Cir. 2019) (fact issue as to whether off-duty officers dressed in civilian clothing were acting under color of state law while wearing their badges and carrying department-issued handguns); *Parker v. City of Detroit*, No. 16-13036, 2018 WL 2717500, at *2 (E.D. Mich. June 5, 2018) (off-duty officer was acting under color of law because (1) he used his service weapon, (2) he used his service weapon to defend a fellow police officer, and (3) he wrote a report about the incident as required by departmental rules); *Dekany v. City of Akron, Ohio*, No. 5:16CV01829, 2019 WL 2949844, at *2 (N.D. Ohio July 9, 2019) (off-duty police officer acted under color of law, in part, because he threatened to shoot plaintiff "presumably with his department-issued gun"); *Memphis, Tennessee Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 86 F. App'x 137, 141 (6th Cir. 2004) ("…manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third

parties pursuant to a duty imposed by police department regulations"); *Reilly v. Hamblen Cnty., Tenn.*, No. 2:07-CV-283, 2008 WL 4138117, at *3-4 (E.D. Tenn. Sept. 4, 2008) (holding that just one of the various "manifestations of official authority" enumerated in *Memphis* is sufficient to establish that an off-duty officer acted under color of state law).

In this case, Garcia transitioned to a police officer and acted under the color of law the moment he saw Franklin brandish his gun inside the Ford. As Garcia testified, he was trained to intervene if he observed a violent crime, so long as it was safe to do so. (Garcia depo., p. 88, PageID# 456.) Cleveland police officers are considered to be on duty at all times for purposes of discipline. (*See* Decl. of Ashley Graham, Ex. A, and Manual of Rules attached thereto, p. 14, Rule 4.12.) Officers are required to act immediately in every instance that comes to their attention where police assistance is required. (Manual of Rules, p. 14, Rule 4.11.) Brandishing or pointing a gun at someone from a vehicle is a violent crime, which would require immediate police intervention. *See e.g.* R.C. 2923.16 (Improperly handling a firearm in a motor vehicle), R.C. 2903.21 (Aggravated menacing). Therefore, Garcia as an officer had not only the right - but arguably the duty to intervene, even if that intervention was in self-defense. Garcia continued to act as a police officer upon emerging from his vehicle he identified himself as a police officer and directed Badley to stay away from the car and to get on the ground. (Garcia depo., p. 175, PageID# 543.)

Additionally, Garcia was carrying his city-issued weapon and police badge at the time of the shooting. (*Id.*, pp. 56-58, PageID#424-426.) Unlike civilians, Garcia always carried his city-issued police badge and his gun with him when he was off duty. (*Id.* at p. 61, PageID#429.) His ability to do so was accorded by his status as a Cleveland police officer. As a duly sworn police officer, Garcia was deemed to have a license to carry a concealed weapon, including transporting

3

it concealed in his automobile. R.C. 2923.12(C)(1)(A), 2923.16(F)(1). That privilege is not available to all civilians, who, at the time of the incident, had to obtain a concealed carry permit and undergo a thorough background check to be able to conceal-carry on their person or inside their vehicle. R.C. 2923.12, 2923.16.

Since (1) Garcia only carried a gun in case he needed to take action as a police officer, (2) Cleveland police officers, like Garcia, are/were required to act immediately when an illegal act comes to their attention, and (3) the brandishing a gun at someone from a vehicle is a violent crime requiring Garcia's immediate response, Defendant Garcia was clearly acting as a police officer (i.e. under color of law) when he drew his weapon and discharged it on the night in question.

Respectfully submitted,

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH 44333
Telephone: (330) 670-7324
Facsimile: (330) 670-7440
Email: *kcalderone@hcplaw.net*


*/s/ Thomas J. Cabral*
Thomas J. Cabral (0033041)
Gallagher Sharp, LLP
121 Superior Avenue, 7th Floor
Cleveland, OH 44114
Telephone: (216) 522-1172
Facsimile: (216) 241-1608
Email: *tcabral@gallaghersharp.com*

*Attorneys for Defendant*

4