IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ADAM FRIED,** Administrator, Estate of **DESMOND FRANKLIN,**<br><br>    Plaintiff,<br><br>v.<br><br>**JOSE GARCIA,**<br><br>    Defendant. | Case No. 1:22-CV-00061<br><br>**JUDGE DAN AARON POLSTER** |

### JOINT STATUS REPORT

The parties provide this joint status report pursuant to the Court's December 11, 2024 non-document order. In advance of the December 23, 2024 status conference the parties report as follows:

### PLAINTIFF'S STATUS

#### I. Regarding damages discovery:

Plaintiff's position is that damages discovery is complete. Counsel will make available any of Plaintiff's damages witnesses for a trial deposition if Defense counsel requests it.

#### II. Regarding other trial preparations:

Plaintiff needs to take discovery on the City of Cleveland's position on indemnification, State Farm Insurance's position on coverage, and Jose Garcia's personal finances. Plaintiff needs to arrange for his ballistics expert to examine the physical evidence at issue in the case, currently in the custody of Cuyahoga County. The parties can coordinate a time to review physical evidence. Plaintiff needs to arrange for a biomechanical reconstruction expert to examine the evidence at issue, and will make him available for a trial deposition if Defense counsel requests it.

Plaintiff intends to file motions *in limine* including *Daubert* motions and will prepare these as well as updated witness disclosures and other trial filings according to the orders of the Court.

### III. Regarding estimated time for direct and cross examination:

Plaintiff estimates his direct examination to take approximately 11 hours and his cross examination to take approximately 9 hours, depending upon each party's final witness list. There is video and audio recording evidence in the record that Plaintiff anticipates both parties will play portions of and which, if counted towards the time needed for direct and cross, could add an additional hour for stopping and starting during questioning.

Defense counsel raises several disputes below; the parties have begun to meet and confer on these disputes and request an opportunity to discuss any unresolved positions with the Court at the conference.

## DEFENDANT'S STATUS

### I. Regarding Damages Discovery:

Defendant may potentially depose the new damage witnesses disclosed by Plaintiff.

### II. Issues To Address Before Trial:

#### A. Dispute Over Plaintiff's Effort To Reopen Fact Discovery:

Plaintiff desires to take discovery on the City of Cleveland's position on indemnification, State Farm Insurance's position on coverage, and Jose Garcia's personal finances.

Defendant Garcia objects to Plaintiff's effort to re-open discovery in this case for several reasons. First, this Court extended both the fact and expert discovery deadline ***seven times*** in this case so that the parties could complete discovery before dispositive motion practice. (See minutes or orders issued on March 18, 2022, September 15, 2022, November 7, 2022, January 19 2023, March 21, 2023, May 3, 2023, August 4, 2023, October 11, 2023.)

Second, the City of Cleveland's obligation to indemnify Defendant Garcia is contained in

(a) the collective bargaining agreement between the Cleveland Division of Police and the City of Cleveland, and (2) as a matter of law (e.g. R.C. 2744 *et. seq*). Moreover, whether or not the City of Cleveland or State Farm owe indemnity or insurance coverage will depend on facts born out at trial. The Plaintiff cannot force the City of State Farm to "take a position" with regard to indemnity or insurance coverage.

Finally, Plaintiff essentially wants to conduct a debtor's exam of Defendant Garcia before Plaintiff ever obtains a judgment. This is prohibited by State and federal law.

**B.      Dispute Over Plaintiff Introducing A New Liability Expert Into Case:**

Plaintiff desires to arrange for a biomechanical reconstruction expert to examine the evidence at issue, and will make him available for a trial deposition if Defense counsel requests it.

Defendant Garcia objects to Plaintiff now – for the first time – introducing a biomechanic expert into this case for several reasons. First, as mentioned above, this Court extended the expert disclosure and report deadlines ***seven times*** in this case so that the parties could thoroughly exhaust discovery and obtain all experts needed for the case. The Plaintiff produced reports from two liability experts – which lead to Defendant Garcia obtaining rebuttal experts and completing the depositions of Plaintiff's experts. Thus, in short, Plaintiff had nearly two years to determine his experts, disclose and produce expert reports, and conduct expert discovery. Plaintiff should not now be permitted to introduce a new expert on the eleventh hour before trial, after having had the benefit of reviewing the expert reports of and deposing Defendant's experts.

Second, if Plaintiff is permitted to introduce a new expert, the Defendant will need to start from scratch in discovery. That is, Defendant Garcia will need to obtain a rebuttal expert and re-depose witnesses (or new witnesses) to address questions, issues and defend issues raised by Plaintiff's new expert.

    **C.    Motions In Limine and Daubert Motions:**

The Plaintiff and Defendant both intend to file motions *in limine* including *Daubert* motions and will prepare these as well as updated witness disclosures and other trial filings according to the orders of the Court. The parties each reserve the right to object or move to strike disclosures and pleadings of the other.

**III.   Regarding estimated time for direct and cross examination:**

Defendant Garcia estimates direct examinations will take approximately 15 hours and cross-examinations to take 8 hours depending on who Plaintiff calls to testify.

Respectfully Submitted:

*/s/ Elizabeth Bonham*
Sarah Gelsomino (0084340)
Terry H. Gilbert (0021948)
Marcus Sidoti (0077476)
Elizabeth Bonham (0093733)
FRIEDMAN, GILBERT + GERHARDSTEIN
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
sarah@FGGfirm.com
terry@FGGfirm.com
marcus@FGGfirm.com
elizabeth@FGGfirm.com

Jacqueline Greene (0092733)
FRIEDMAN, GILBERT + GERHARDSTEIN
35 East 7th Street, Suite 201
Cincinnati, Ohio 45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com

*Counsel for Plaintiff*

Respectfully submitted,

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone:  (330) 670-7324
Facsimile:   (330) 670-7440
Email:  *kcalderone@hcplaw.net*


*/s/  Thomas J. Cabral*
Thomas J. Cabral (0033041)
Gallagher Sharp, LLP
121 Superior Avenue, 7th Floor
Cleveland, OH  44114
Telephone:  (216) 522-1172
Facsimile:   (216) 241-1608
Email:  *tcabral@gallaghersharp.com*
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on December 19, 2024 I filed the foregoing joint filing using the Court's CM/ECF system and that all parties will receive notice and service through that system.

*/s/ Elizabeth Bonham*
Elizabeth Bonham (0093733)
