IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM FRIED, | ) | CASE NO. 1:22-cv-0061 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE GARCIA, | ) | **CIVIL JURY TRIAL ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This case is scheduled for a **Jury Trial** from **April 21, 2025, at 9:00 a.m. through April 29, 2025,** in the courtroom of the Honorable Dan A. Polster, Courtroom 18B of the Carl B. Stokes United States District Courthouse, 801 W. Superior Ave., Cleveland, Ohio.

The Final Pretrial is scheduled for **April 14, 2025, at 10:00 a.m.,** in chambers of Judge Polster, Chambers 18B of the Carl B. Stokes United States District Courthouse, 801 W. Superior Ave., Cleveland, Ohio. Pursuant to Local Rule 16.3(e), the parties and lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions, witness and exhibit lists, scheduling and settlement. Counsel are to have conferred with their clients, and with each other, regarding their final settlement posture no later than two (2) business days before the final pretrial.

Opening statements and the presentation of evidence will begin as soon as the jury has been selected. Plaintiff shall have **15 hours** and Defendant shall have **15 hours** in which to conduct their direct and cross examinations, rebuttal and sur-rebuttal cases. Counsel are directed to plan their trial strategy accordingly.

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

**1. TRIAL DAYS**

Trial will begin at 9:00 a.m. and continue until 5:30 p.m., unless circumstances dictate otherwise. A one (1) hour lunch break and two (2) fifteen-minute breaks will be provided.

Counsel must notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. Accordingly, counsel should expect to be present in the courtroom from 8:30 a.m. in order to address matters outside the presence of the jury.

All parties are to be always present in the courtroom when the jury is seated.

**2. STIPULATIONS OF FACT AND PRELIMINARY STATEMENTS**

Counsel for the parties shall confer with one another in order to prepare <u>written stipulations as to all uncontested facts</u> to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses to facts which are not in dispute.  Said stipulations shall be filed with the Court no later than **12:00 p.m. on March 31, 2025.**

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed 1 page) describing the case in an impartial, easily understood and concise manner for use by the Court either during voir dire or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and shall be emailed to chambers no later than **12:00 p.m. on March 31, 2025.**

### 3. TRIAL BRIEFS, WITNESS AND EXHIBIT LISTS

Trial briefs, witness lists and exhibit lists shall be filed, exchanged and a copy delivered to chambers by **12:00 p.m. on March 31, 2025**. Counsel are directed to confer with each other to resolve any objections to witnesses or exhibits. (An exchange of proposed exhibits must be made at least one week prior to this deadline in order for opposing counsel to evaluate them and be able to make appropriate objections.)

A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law together with specific citations of statutes and case law; and (c) a discussion of any evidentiary issues likely to arise at trial. Together with the trial brief, the parties shall also file and exchange their proposed witness and exhibit lists. The lists shall provide a brief description and the purpose of each witness and shall list and briefly describe each item of documentary or physical evidence which is to be offered.

Each attorney shall have a continuing obligation to supplement the party's list immediately upon learning of any additional witness. Witnesses not listed as part of the trial brief or provided before the trial starts shall not testify at trial and exhibits not listed in the trial brief shall not be introduced at trial, absent a showing of good cause. This rule applies to lay witnesses as well as to expert witnesses.

### 4. DAUBERT MOTIONS, MOTIONS IN LIMINE & OBJECTIONS

Any Daubert motions or motions *in limine* must be filed on or before **12:00 p.m. on February 21, 2025**. Responses must be filed by **12:00 p.m. on March 7, 2025**, and replies must be filed by **12:00 p.m. on March 14, 2025**.

Any other objections to a proposed witness or exhibit that have not been resolved among

3

counsel shall be filed, exchanged and a copy delivered to chambers no later than **one (1) business day prior to the final pretrial**. Such objections shall include a brief statement setting forth reasoning why the proposed witness or exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

### 5. MARKING OF EXHIBITS

Exhibits shall be marked before trial with exhibit stickers and shall be listed on the attached exhibit chart. Plaintiff shall mark exhibits with numbers beginning with 1, and the defendant shall mark exhibits with numbers beginning with 1001 (e.g., "Pl. Ex. 1" and "Deft. Ex. 1001").

If there are multiple parties, the party's last name should precede the numbers or letters (e.g., "Pl. Smith-1" or "Deft. Jones-1001"). Joint exhibits are strongly encouraged and shall be marked "Joint Ex. 1," "Joint Ex. 2," etc.

Where more than ten (10) exhibits are offered by a party, it is required that counsel place all exhibit sets in a three-ring loose-leaf binder/notebook with appropriately marked divider tabs and a table of contents. Two (2) copies of all exhibits shall be furnished to the Court no later than two (2) business days prior to the trial date. Exhibits themselves will not be filed with the Clerk of Court.

### 6. VOIR DIRE

The Court will conduct initial voir dire of the panel and of individual panel members. The Court will thereafter allow one counsel for each party to question the panel briefly on issues not addressed by the Court. The jury clerk will send a juror questionnaire to each prospective juror.

The completed questionnaire will be available for review by counsel in Room 18B of the Federal Courthouse on the morning of trial.

Proposed voir dire questions for the Court's questioning are to be exchanged and a copy emailed to chambers no later than **12:00 p.m. on March 31, 2025.**

### 7. DEPOSITION TESTIMONY

Whenever depositions (videotape or written) are intended to be used as evidence at trial, counsel proposing to use such deposition testimony shall provide opposing counsel with pertinent transcript references no later than **12:00 p.m. on March 31, 2025**. Counsel shall consult in an effort to resolve any objections they may have to planned deposition testimony.

No later than seven (7) days thereafter, counsel shall file, exchange and deliver to chambers a copy of only those objections that have been raised and not resolved. The brief shall contain citations to any applicable legal authority. Counsel shall attach and highlight the deposition portions objected to, and not the objections in the margin.

No later than two (2) business days before trial, counsel is instructed to notify the Court Room Deputy, in writing, of those deposition transcripts that will be read into the record in order that the original transcripts be made available for the Court.

When videotape depositions will be presented in lieu of live testimony, counsel must file a complete written transcript of the videotape deposition prior to its use and follow Local Rule 32.1.

### 8. JURY INSTRUCTIONS AND VERDICT FORMS

Counsel are required to provide jury instructions to the Court only on the issues of the law that are the subject of the trial. The Court will provide general boiler-plate instructions on issues such as credibility, etc. Counsel shall also provide proposed juror interrogatories and verdict forms.

Counsel shall exchange proposed jury instructions and interrogatories no later than **12:00 p.m. on March 24, 2025**. Counsel shall then confer regarding their respective proposals and make diligent efforts to reach agreement upon a set of joint jury instructions.

No later than **12:00 p.m. on March 31, 2025**, a single joint submission shall be filed and emailed to the Court providing: (1) agreed upon instructions and interrogatories; (2) instructions and/or interrogatories proposed by plaintiff but opposed by defendant; and (3) instructions and/or interrogatories proposed by defendant but opposed by plaintiff. The joint submission shall be provided to the Court as one document, divided by the above-described sections.

All proposed instructions shall be supported by citations to legal authority. Any and all objections to proposed jury instructions must be accompanied by a statement or reasoning why the Court should not give such instruction. The objection must similarly be accompanied by citation to legal authority. A mere statement of "objection" is not sufficient and will not be considered.

The single joint submission of jury instructions and interrogatories to the Court shall be made in writing with a copy emailed to Chambers. In addition, the Joint Preliminary Statement, Proposed Voir Dire Questions, and Witness List shall also be provided via email. The aforementioned documents shall be emailed to chambers no later than **12:00 p.m. on March 31, 2025.**

### 9. USE OF GENERATIVE AI

"Generative artificial intelligence" ("generative AI") means artificial intelligence, such as Chat GPT or Google's Gemini AI, that is capable of generating new content (such as images or text) in response to a submitted prompt (such as a query) by learning from a large reference database of examples.

6

To the extent that counsel uses generative AI to compose or draft any paper presented for filing, counsel is cautioned and reminded of their obligations under Rule 11 and the applicable rules of attorney discipline to review and verify the accuracy of any such document and any sources cited therein that are presented for filing, as well as their duty to safeguard client confidential and privileged information.

**10. SPECIAL INSTRUCTIONS TO COUNSEL**

Any and all motions, responses, stipulations, objections, pleadings or memoranda filed or required within two (2) business days of any settlement conference, hearing, final pretrial, or trial, shall be EMAILED to the Court as well as to opposing counsel on the same day it is filed.

**11. CONDUCT OF COUNSEL**

Pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

**IT IS SO ORDERED.**

Dated: December 27, 2024    */s/Dan Aaron Polster*
                                                    U.S. District Judge Dan Aaron Polster