IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Adam Fried, Administrator of the Estate of Desmond Franklin,** | ) ) ) | Case No. 1:22-CV-00061 |
| Plaintiff, | ) ) | Judge Dan Aaron Polster |
| vs. | ) ) ) | **DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT PLAINTIFF FROM** |
| **Jose Garcia,** | ) ) | **INTRODUCING INTO EVIDENCE UNRELATED PRIOR DISCIPLINARY** |
| Defendant. | ) ) ) | **REGARDING DEFENDANT GARCIA** |

**I.    STATEMENT OF FACTS:**

Defendant Police Officer Jose Garcia has worked for the Cleveland Division of Police since 2015. Prior to the April 9, 2020, shooting incident at issue, Officer Garcia had never been involved in a shooting incident and/or investigated for any type of use of force incident. However, Officer Garcia was involved in a few minor disciplinary matters involving damage to a police car, wearing a functional body camera, a vehicle pursuit, and maintaining a first aid kit (referred to hereafter as "unrelated disciplinary matters"). None of these prior disciplinary matters bear any relevancy to this case. Therefore, Officer Garcia respectfully moves for an order *in limine* prohibiting Plaintiff from mentioning or soliciting testimony regarding Officer Garcia's prior disciplinary matters. These matters are irrelevant and not probative of any issues in this case.

**II.    LAW AND ARGUMENT:**

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the action more or less probable than it would be without the evidence."

Fed. R. Evid. 401. "Irrelevant evidence is" inadmissible. Fed. R. Evid. 402. But even if relevant, a court must still mandatorily exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc*., 933 F.3d 591, 598 (6th Cir. 2019); see also *Paschal v. Flagstar Bank,* 295 F.3d 565, 576 (6th Cir. 2002).

Federal courts (including the Sixth Circuit Court of Appeals) generally prohibit introduction of a police officer's prior disciplinary action unless the specific instances of prior conduct are probative of the witness's character for truthfulness. *Jones v Sandusky County*, Ohio, 652 Fed.Appx. 348, 355 (6th Cir. 2016); *Franklin v. Messmer*, 111 Fed. Appx 386, 388 (6th Cir. 2004).

In this case, Officer Garcia's unrelated prior disciplinary matters were relatively minor and have no bearing on his character for truthfulness. Moreover, the disciplinary matters have absolutely no bearing or relation to the primary issue in this case – which is whether Officer Garcia acted in self-defense. Defendant Garcia moves to bar any evidence of the unrelated disciplinary matters because they are irrelevant, prejudicial, and constitute improper character evidence under Fed. R. Evid. 402, 403, and 404. The unrelated disciplinary matters lack any probative value as to whether Officer Garcia faced an imminent threat of serious bodily harm at the time of the shooting.

Even if there were probative value, any probative value from such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and it's misleading the jury. Fed. R. Evid. 402 and 403. A jury may misconstrue the prior unrelated

disciplinary matters as relevant to his character or playing some tangential role in this case. When, in reality, none of the topics or issues from the unrelated disciplinary matters are similar or related to the issues in this case. The Plaintiff simply has no legitimate or rational reason to introduce such evidence to the jury. Therefore, Defendant Garcia respectfully moves this Court for an order *in limine* prohibiting Plaintiff from soliciting testimony, mentioning, or otherwise introducing into evidence any reference to prior unrelated disciplinary actions or investigations involving Officer Garcia.

Respectfully submitted,

*/s/ Kenneth A. Calderone*
Kenneth A. Calderone (0046860)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone:  (330) 670-7324
Facsimile:   (330) 670-7440
Email: *kcalderone@hcplaw.net*


*/s/  Thomas J. Cabral*
Thomas J. Cabral (0033041)
Gallagher Sharp, LLP
121 Superior Avenue, 7th Floor
Cleveland, OH  44114
Telephone:  (216) 522-1172
Facsimile:   (216) 241-1608
Email: *tcabral@gallaghersharp.com*
*Attorneys for Defendant*

HCP #1382561